UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:05-CR-20057-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KEVIN L. COOLEY (01)** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion to Vacate [doc. 40] filed under 28 U.S.C. § 2255 by defendant Kevin L. Cooley. Cooley seeks relief from his sentence in this and a companion case based on the Supreme Court's recent decision in *United States v. Davis*, __ U.S. ___, 139 S.Ct. 2319 (2019). The government opposes the motion. Doc. 43.

### I.
### BACKGROUND

Cooley was convicted in a companion case ("Cooley I") of one count of interference with commerce by robbery ("Hobbs Act robbery"), a violation of 18 U.S.C. § 1951, and one count of conspiracy to commit same. *See United States v. Cooley*, No. 2:04-cr-20115 (W.D. La. Mar. 7, 2006). He was also convicted in this matter ("Cooley II") of two counts of using a firearm during a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A), based on the same incidents. In March 2006, he was sentenced to concurrent terms of sixty and 125 months on the robbery convictions and consecutive terms of seven and twenty-five years on the firearms convictions, with the latter two terms also ordered to run consecutive to the sentence for the robbery convictions. Cooley appealed to the Fifth

Circuit in both cases, and the Fifth Circuit affirmed his convictions and sentences by judgment dated May 11, 2007. *United States v. Cooley*, 227 F. App'x 392 (5th Cir. 2007). He sought a writ of certiorari in the United States Supreme Court and was denied same on October 1, 2007. *Cooley v. United States*, 552 U.S. 932 (2007).

In this matter Cooley now seeks relief under § 2255, by motion filed on or about April 6, 2020. Doc. 40. He argues that his convictions and sentences under § 924(c) must be vacated because of the United Supreme Court's holding in *Davis*, decided on June 24, 2019. The government opposes the motion on the grounds that it is untimely.[1] Doc. 43.

## II.
## LAW & APPLICATION

"Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). A federal prisoner has limited grounds for collateral review under 28 U.S.C. § 2255, generally based on errors of constitutional magnitude that could not have been raised on appeal. *See* 28 U.S.C. § 2255(a); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Challenges under § 2255 remain subject to a one-year statute of limitation, however, running from the latest of:

(1) The date on which the judgment of conviction becomes final;

---

[1] The government also argues that the motion is successive, but no prior § 2255 motions were filed in *Cooley II*. Accordingly, the court will only consider timeliness arguments under this ruling.

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Cooley's conviction became final with the denial of his petition for writ of certiorari, and he does not assert any grounds for timeliness under § 2255(f)(2) or (4). His motion, however, was filed within a year of the Supreme Court's decision in *Davis*. The Fifth Circuit subsequently determined that *Davis* is retroactive to cases on collateral review. *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019). Accordingly, Cooley's motion is timely under § 2255(f)(3) if *Davis* recognizes a right that entitles him to relief from his conviction or sentence.

The holding in *Davis* arises from *Johnson*, where the court addressed the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). That clause defined a "violent felony" as one that involved a "serious potential risk of physical injury to another." *Id.* The Court struck down the clause as unconstitutionally vague, then extended the holding in *Sessions v. Dimaya*, __ U.S. __, 138 S.Ct. 1204 (2018), to the definition of a "crime of violence" under the residual clause of 18 U.S.C. § 16. In *Davis*, the court found

-3-

that § 924(c)(3)(B)'s residual clause definition of a crime of violence was likewise unconstitutionally vague. Accordingly, a defendant may only be convicted under § 924(c) if the government shows that he used a firearm during a "crime of violence" as defined under the elements clause at § 924(c)(3)(A). *Davis*, 139 S.Ct. at 2324.

Cooley's firearms convictions arise from the commission of actual Hobbs Act robberies, rather than the conspiracy count. In the stipulated factual basis for his plea agreement in *Cooley I*, he admitted to actively participating in the robberies of the Lucky Peacock Casino in Vinton, Louisiana, on December 31, 2003, and the Big Easy Casino in Broussard, Louisiana, on July 20, 2004. *Cooley I*, No. 2:04-cr-20115, at doc. 145, att. 3. In *Cooley II*, he pled guilty to knowingly possessing, brandishing, using, and carrying firearms in these robberies. *See Cooley II*, No. 2:05-cr-20057, at docs. 1, 3. Accordingly, *Davis* did not recognize a right calling into question Cooley's conviction or sentence. The limitations period instead runs under § 2255(f)(1), and this matter is plainly time-barred and substantively without merit.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Vacate [doc. 40] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on this 10th day of July, 2020.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE