UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:05-CR-20057-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KEVIN L. COOLEY (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion for Compassionate Release [doc. 48] filed by defendant Kevin L. Cooley under the First Step Act of 2018. The government opposes the motion and has also filed a memorandum relating to new legal authority under 18 U.S.C. § 3582(c)(1)(A). Docs. 52, 53. All briefing deadlines have since run and the motion is now ripe for review.

### I.
### BACKGROUND

Cooley was convicted in a companion case of one count of interference with commerce by robbery ("Hobbs Act robbery"), a violation of 18 U.S.C. § 1951, and one count of conspiracy to commit same. *See United States v. Cooley*, No. 2:04-cr-20115 (W.D. La. Mar. 7, 2006). He was also convicted in this matter of two counts of using a firearm during a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A), based on the same incidents. The convictions arose from Cooley's involvement in a series of armed robberies of truck stop casinos, during which employees were menaced and held at gunpoint and tens

of thousands of dollars were stolen. PSR, ¶¶ 10–15. Cooley also admitted to participating in five additional armed robberies. *Id.* at ¶¶ 54–59.

In March 2006, Cooley was sentenced to concurrent terms of sixty and 125 months on the robbery convictions and consecutive terms of seven and twenty-five years on the firearms convictions, with the latter two terms also ordered to run consecutive to the sentence for the robbery convictions as required under 18 U.S.C. § 924(c) and representing the mandatory minimum terms under that statute. Cooley appealed to the Fifth Circuit in both cases, and the Fifth Circuit affirmed his convictions and sentences by judgment dated May 11, 2007. *United States v. Cooley*, 227 F. App'x 392 (5th Cir. 2007). He sought a writ of certiorari in the United States Supreme Court and was denied same on October 1, 2007. *Cooley v. United States*, 552 U.S. 932 (2007).

The 2018 First Step Act amended § 924(c)(1), which requires a mandatory consecutive term of 25 years for a successive conviction under that statute. This provision was previously "triggered by any second or subsequent conviction," but now only applies to a "violation that occurs after a prior conviction under this subsection becomes final." *United States v. Gomez*, 960 F.3d 173, 176–77 (5th Cir. 2020). In other words, the lengthy mandatory minimum for repeat offenders no longer applies to offenders like Cooley who are charged simultaneously with multiple § 924(c)(1) offenses. *See id.* However, the Act itself provides that this amendment is not retroactive. First Step Act § 403(b), 132 Stat. at 5222 (2018). Accordingly, Cooley moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the discrepancy between the 32 year sentence he received for the § 924(c) offenses in 2006 and the fourteen year mandatory minimum that would have

applied had he been sentenced under the amended version. Doc. 48. He first filed this request with the warden of USP Pollock, where he is currently incarcerated. *See* doc. 52, att. 1. The warden denied the request, after citing Cooley's disciplinary history and noting his anticipated release date of December 11, 2040, with the statement that Cooley did not meet the eligibility requirements for a reduction in sentence. *Id.*

Cooley now brings this request to the district court. Doc. 48. The government opposes the motion, arguing that the discrepancy in sentences does not rise to the "extraordinary and compelling circumstances" required to justify compassionate release and that the sentencing factors set forth in 18 U.S.C. § 3553(a) also counsel against early release in Cooley's case. Docs. 52, 53.

## II.
## LAW & APPLICATION

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release.[1]

---

[1] The court may only act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the inmate is required to exhaust his administrative remedies with the BOP before bringing such a request to the court. *United States v. Franco*, 973 F.3d 465, 467–69 (5th Cir. 2020). The available documentation in this case, as summarized above, shows that Cooley has exhausted his administrative remedies.

The Fifth Circuit has recently held that district courts are not bound by the Sentencing Commission's policy statements (which do not reference circumstances such as these) in deciding motions for compassionate release. *See United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021). Accordingly, as the government admits, one of the arguments against compassionate release based on § 924(c) sentencing discrepancies falls. Doc. 53. District courts remain divided, however, as to whether the discrepancy could provide an "extraordinary and compelling" basis justifying a reduction in sentence. *See United States v. Hood*, 2020 WL 5539878, at \*10–\*12 (S.D. Tex. Sep. 15, 2020) (summarizing viewpoints). The Fifth Circuit has not spoken to the issue and it is currently on appeal before that court. *See United States v. Arterberry*, No. 20-20510 (5th Cir. 2020). This court need not address the matter, however, because it is apparent that even if the discrepancy does provide an extraordinary and compelling reason, the sentencing factors in § 3553(a) counsel against release.

The factors outlined in § 3553(a) include: (1) the nature and circumstances of the offense and history of the offender and (2) the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence for criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed training, medical care, or other treatment. The PSR shows that Cooley had sustained 25 criminal convictions prior to the spree leading to his current sentences. *See* PSR ¶¶ 60–71, 77–82. He was also actively involved in multiple armed robberies, which resulted in the theft of tens of thousands of dollars from local businesses and in which employees were directly threatened. Given his history and offense conduct, there is no guarantee that the

court would have applied only the amended minimum terms for his § 924(c) convictions. And even with fourteen years for those convictions, he would still have a total sentence of over twenty-four years, with substantial time remaining until his release. Immediate release would promote discrepancies in the sentences due for this kind of conduct. To the extent that Cooley only seeks an adjustment of his sentence to the amended mandatory minimum: If every inmate were entitled to an automatic reduction of his sentence based on what he would have received under the amended § 924(c), then Congress would have made the provision retroactive. Cooley's history and his conduct since his incarceration make clear that, once any layer of discretion is applied, he is not due for a reduction at present. His record shows at least two instances of possessing a dangerous weapon and one instance of possessing drugs or alcohol, with the latter occurring last year. Doc. 52, att. 2. He has not submitted any evidence of his rehabilitation while in prison. Accordingly, the applicable factors set forth in § 3553(a) counsel against a reduction in this case.

## III.
### CONCLUSION

For the reasons stated above, the Motion for Compassionate Release [doc. 48] is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 7th day of June, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**